# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2014

Lyle W. Cayce
Clerk

No. 13-50421
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MATTHEW EZEKIEL STAGER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-350-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Matthew Ezekiel Stager was charged in a one-count indictment with traveling in interstate commerce and knowingly failing to register as required by the Sex Offender Registration and Notification Act (SORNA), in violation of 18 U.S.C. § 2250(a). He entered a conditional guilty plea, reserving his right to appeal the district court's denial of his motion to dismiss the indictment on grounds that SORNA's registration requirement, 42 U.S.C. § 16913, was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50421

unconstitutional in light of the Supreme Court's decision in *Nat'l Fed'n of Indep. Bus. (NFIB) v. Sebelius*, 132 S. Ct. 2566 (2012).

Stager contends that SORNA's registration requirement, which compels individuals to actively register intrastate, is unconstitutional because it exceeds Congress's authority under the Commerce Clause. He argues that in *NFIB*, a majority of the Justices held that the Commerce Clause does not authorize Congress to compel individuals to engage in local activity. Like the obligation to purchase health insurance at issue in *NFIB*, Stager argues that SORNA's registration requirement regulates an individual's inactivity. According to Stager, SORNA's registration requirement is even further removed from Congress's Commerce Clause authority because the underlying activity is not economic. Finally, he argues that the registration requirement cannot be upheld under the Necessary and Proper Clause. Stager concedes that his argument is foreclosed by our decision in *United States v. Whaley*, 577 F.3d 254 (5th Cir. 2009), but he seeks to preserve the issue for further review. The Government has filed a motion for summary affirmance, arguing that Stager's argument is foreclosed by *Whaley*. In the alternative, the Government requests an extension of time in which to file a brief on the merits.

We review constitutional claims de novo. *Whaley*, 577 F.3d at 256. In *Whaley*, we held that SORNA's registration and penalty provisions were valid exercises of Congress's Commerce Clause power. *Id.* at 258-61. Under our rule of orderliness, one panel may not overrule the decision of a prior panel absent an intervening change in the law, such as by a superseding Supreme Court case. *United States v. Alcantar*, 733 F.3d 143, 145 (5th Cir. 2013). "Such an intervening change in the law must be unequivocal, not a mere 'hint' of how the Court might rule in the future." *Id.* at 146. Because *NFIB* did not explicitly or implicitly overrule *Whaley*, we are bound by that decision. *See id.* at 145-46

No. 13-50421

(rejecting argument that *NFIB* overruled circuit precedent holding 18 U.S.C. § 922(g)(1) constitutional).  Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.